# IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO
## CIVIL DIVISION

**Dr. Mussaret Zuberi MD**
c/o Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215

           Plaintiffs,

   v.

**RAB, Inc.**
c/o The Honorable Jon Husted
Secretary of State
180 East Broad Street,
Columbus, Ohio 43215[1]

     and

**Gemco Aviation Services, Inc.**
c/o Michael Stanko, Statutory Agent
10800 Sharrott Road
North Lima, Ohio 44452

         Defendants.

Case No.

Judge

## COMPLAINT

### Parties

1.     Plaintiff is a resident of central Ohio.

2.     Defendant RAB, Inc. is an unknown entity which uses an address in the state of Texas, as set forth in **Exhibit 1**, which is a print out of pages from its website. Defendant RAB, Inc. is not licensed to do business in the state of Ohio, as demonstrated by the certificate from the Ohio Secretary of State attached hereto and incorporated herein as **Exhibit 1.1**.

---

[1] Served upon the Secretary of State pursuant to Ohio Revised Code § 1703.19 and Ohio Revised Code § 1703.191.

3.      Gemco Aviation Services, Inc. is an Ohio corporation whose articles of incorporation are filed with the Ohio Secretary of State, whose office is situated in Franklin County, Ohio.

### Venue and Service

4.      Service upon the Defendant RAB, Inc. as a result of Exhibit 1.1 is appropriately made upon the Ohio Secretary of State pursuant to Ohio Revised Code § 1703.19.

5.      Venue is therefore appropriate in Franklin County, Ohio pursuant to Ohio Revised Code § 1703.191.

### Factual Background

6.      Plaintiff was the owner of a Piper aircraft, model number PA-24-180 and N6728P, which was used primarily for pleasure and personal uses, including, but not limited to, vacations.

7.      All aircrafts flown by individuals are required to have an annual inspection.

8.      Plaintiff has had prior experience with having an annual inspection preformed.

9.      Plaintiff, by way of example of this prior experience, had an annual inspection performed in 2014, and received an invoice for the same of approximately $990.00, as set forth in **Exhibit 2**, attached hereto.

10.      Plaintiff flew his airplane to Youngstown Elser Metro Airport, which upon information and belief, developed after and may be a fictitious unregistered trade name of Defendant Gemco Aviation Services, Inc. The use of such name has not been reported to the Ohio Secretary of State in accordance with Chapter 1329 of the Ohio Revised Code.

11.    Representatives of Defendant Gemco Aviation Services, Inc. (hereinafter referred to as Defendant "Gemco"), approached Plaintiff at Youngstown Elser Metro Airport and solicited Plaintiff for the opportunity to perform the next annual inspection on his plane.

12.    Plaintiff accepted Defendant Gemco's solicitation and flew his plane to Youngstown Elser Metro Airport on October 22, 2015. Plaintiff left the plane and log books with representatives of Defendant Gemco.

13.    When the Plaintiff arrived at the Defendant Gemco's place of business at the Youngstown Elser Metro Airport on October 22, 2015, there was no sign posted complying with Ohio Administrative Code § 109:4-3-05(A)(2), and (E). Copies of Ohio Administrative Code § 109:4-3-05(A)(2), and (E) are attached hereto and incorporated herein as **Exhibit 3** and **Exhibit 3.1**, respectively.

14.    On October 22, 2015, Plaintiff did not receive a form which complies with Ohio Administrative Code § 109:4-3-05(A)(2).

15.    Thereafter, on November 6, 2015, Plaintiff was issued an estimate #52, a copy of which is attached hereto and incorporated herein as **Exhibit 4**.

16.    Exhibit 4 does not have the language or notice requirements set forth in Administrative Code § 109:4-3-05(A)(2).

17.    Exhibit 4 does not disclose that any of the services set forth upon it were performed or that there would be any charge for the preparation and/or delivery of Exhibit 4.

18.    In a telephone conversation after receipt of Exhibit 4, a representative of Defendant Gemco estimated and informed the Plaintiff that the costs of actual repair may be in excess of $22,000.00.

19.    Plaintiff did not give authority to proceed with the work set forth in Exhibit 4, either orally or in writing.

20.    Plaintiff expressed a desire to not proceed with any of the work because it was equal to or exceeded the value of the airplane.

21.    Plaintiff's reluctance is evidenced by the emails attached hereto and incorporated herein as **Exhibit 5** and **Exhibit 5.1**.

22.    Defendant Gemco never performed the annual inspection set forth in Exhibit 4.

23.    Plaintiff never received any of his log books returned to him with any indication that the annual inspection was performed.

24.    Plaintiff's airplane was sold in or about February of 2016, to a buyer procured at least in part by Defendant Gemco and located in the same state as Defendant RAB, Inc.

25.    On March 7, 2016, Defendant Gemco issued an invoice to Plaintiff for $7,784.53, a portion of the amount set forth in Exhibit 4. A copy of said invoice is attached hereto and incorporated herein as **Exhibit 6**.

26.    In April of 2017, Plaintiff received an item of correspondence from Defendant Gemco, a copy of which is attached hereto and incorporated herein as **Exhibit 7**.

27.    About the time of the actual receipt of Exhibit 7, Plaintiff received an item of correspondence from Defendant RAB, Inc., a copy of which is attached hereto and incorporated herein as **Exhibit 8**.

28.    Plaintiff responded to Exhibit 8 through counsel, in a letter dated May 2, 2017, a copy of which is attached hereto and incorporated herein as **Exhibit 9**.

29.    The contact with Defendant RAB, Inc. was followed up on May 3, 2017 with another item of correspondence which is attached hereto and incorporated herein as **Exhibit 10**.

30. Plaintiff, through counsel, also sent a letter to Defendant Gemco dated May 4, 2017, a copy of which is attached hereto and incorporated herein as **Exhibit 11**.

31. When Exhibit 11 was not responded to, Plaintiff, through his counsel, sent an item of correspondence dated May 10, 2017, a copy of which is attached hereto and incorporated herein as **Exhibit 12**.

32. Plaintiff's Exhibit 12 was followed up with a series of emails, which are attached hereto and incorporated herein as **Exhibit 13**.

### COUNT ONE
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. §1692 *et seq.*

33. Paragraphs 1 through 32 are re-alleged and incorporated herein as if fully rewritten herein.

34. Plaintiff is a "consumer," as the term is defined by the Fair Debt Collection Practices Act ("FDCPA") and Plaintiff is also a "person" and a "consumer," as defined in Ohio Administrative Code § 1345.01(B) and (D).

35. The debt referred to in Exhibits 7 and 8 is an alleged obligation arising out of a transaction which was primarily for personal, family or household use.

36. Defendant RAB, Inc. is a "debt collector," as that term is defined by the FDCPA, because it regularly attempts to collect debts not owed to it and said Defendant was attempting to collect a debt from the Plaintiff, as evidenced by Exhibit 8.

37. Defendants' actions in attempting to collect the debt at issue, to which it has no enforceable right or interest, constitute violations of the FDCPA, including, but not limited to, the following sections:

    37.1 § 1692(d) — Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person; because the filing of a foreclosure action by a

party with no rights to either the Note or the Mortgage is abusive, oppressive, and harassing.

37.2  § 1692(e) —— Making any false, deceptive, or misleading representation or means in connection with the debt collection; because Defendants claims of indebtedness and rights to enforce the Security Deed are blatantly false, deceptive, and misleading.

37.3  § 1692(e)(2) —— Misrepresenting the character, amount, or legal status of the alleged debt; in that the filing of a foreclosure action with false documentation by a party with no rights to either the Note or the Mortgage misrepresents the character, amount, and legal status of an alleged debt.

37.4  § 1692(f) —— Engaging in any unfair or unconscionable means to collect or attempt to collect the alleged debt; in that in that the filing of a foreclosure action by a party with no rights to either the Note or the Mortgage is unfair and unconscionable.

37.5  § 1692(f)(1) —— Engaging in an attempt to collect any amount not authorized by the agreement creating the debt or permitted by law, in that a party with no rights to either the Note or the Security Deed who schedules a non-judicial sale of the property is attempting to collect a debt in an amount not authorized by agreement or permitted by law.

38.     Defendant RAB, Inc. by extending, publishing, and/or communicating Exhibit 8, made false representations to the Plaintiff that an amount was due and that there was an "original" creditor, as opposed to a "current" creditor.

39.     Plaintiff was harmed in the above-stated manner when Defendant attempted to collect a debt that was not owed.

40.     Plaintiff was harmed by and through the Defendant's actions and Plaintiff is entitled to statutory damages, actual damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1692(k)(a).

## COUNT TWO

41.     Paragraphs 1 through 40 are re-alleged and incorporated herein as if fully rewritten herein.

42.     The averments of this Count Two of this Complaint constitute a claim for declaratory judgment pursuant to Chapter 2721 of the Ohio Revised Code, Rule 57, Ohio Rules of Civil Procedure and Ohio Revised Code §1345.09(D), in that the action of Defendant Gemco, in failing to provide Plaintiff with an estimate complying with Ohio Administrative Code § 109:4-3-05, or otherwise complying with said section before beginning repairs or services, is a violation of Chapter 1345 Ohio Revised Code and subsequent rules thereunder.

43.     By reason of its liability under the Fair Debt Collection Practices Act, and what is plead in Count One above, Defendant RAB, Inc. may have an interest in the outcome of the declaratory judgment, and is therefore a necessary party pursuant to Ohio Revised Code §2721.12.

44.     Pursuant to Chapter 2721 of the Ohio Revised Code, Rule 57, Ohio Rules of Civil Procedure and/or Ohio Revised Code §1345.09(D), Plaintiff prays for declaratory judgment as follows:

44.1    That Plaintiff is a "person" and a "consumer," as defined by Ohio     Revised Code § 1345.01(B) and (D);

44.2    That Plaintiff is also a "consumer," as the term is defined by the FDCPA;

44.3    That Defendant Gemco is a "supplier," as defined in Ohio Revised Code § 1345.01(C);

44.4    That Defendant RAB, Inc. is a Texas corporation not licensed to do business in the state of Ohio, as evidenced by the certificate from the Ohio Secretary of State, issued under seal and attached to the Plaintiff's Complaint as Exhibit 1.1;

44.5    That Defendant Gemco, in connection with the transaction involving the Plaintiff, failed to comply with Ohio Administrative Code § 109:4-3-05(A)(2);

44.6  That Exhibit 6 to the Plaintiff's Complaint constitutes an admission by Defendant Gemco that in connection with Exhibit 4 to the Plaintiff's Complaint, Defendant Gemco failed to comply with Ohio Administrative Code § 109:4-3-05(G) and/or Ohio Administrative Code §109:4-3-05(D)(5) and/or Ohio Administrative Code §109:4-3-05(D)(6) and/or Ohio Administrative Code §109:4-3-05(D)(7) and/or Ohio Administrative Code §109:4-3-05(D)(8) and/or Ohio Administrative Code §109:4-3-05(D)(9) and/or Ohio Administrative Code §109:4-3-05(D)(10) and/or Ohio Administrative Code §109:4-3-05(D)(12) and/or Ohio Administrative Code §109:4-3-05(D)(13) and/or Ohio Administrative Code §109:4-3-05(D)(15);

44.7  That the Defendant Gemco's failure to perform in accordance with Ohio Administrative Code § 109:4-3-05 is an unfair deceptive practice in violation of Ohio Revised Code § 1345.02;

44.8  That the Defendant Gemco's failure to perform in accordance with Ohio Administrative Code § 109:4-3-05 is an unfair deceptive practice in violation of Ohio Revised Code § 1345.03;

44.9  That the Defendant Gemco's charges in Exhibit 6 are each an unfair deceptive practice in violation of Ohio Revised Code § 1345.02; and

44.10  That the Defendant Gemco's charges in Exhibit 6 are each an unfair deceptive practice in violation of Ohio Revised Code § 1345.03; or

44.11  That Defendant Gemco has committed knowing violations of Chapter 1345 of the Ohio Revised Code and the administrative rules promulgated thereunder, as the same is defined in Ohio Revised Code §1345.09(F)(2); and

44.12   That Plaintiff is entitled to relief as and against Defendant Gemco pursuant to Ohio Revised Code §1345.09(B) for three (3) times the amount of his actual economic damages which may be estimated for the purposes of this litigation at this time to be in excess of $25,000.00, plus an amount not exceeding $5,000 in noneconomic damages and attorney fees and costs associated with the litigation pursuant to Ohio Revised Code §1345.09(F)(2), or in the alternative;

44.13   That this court declares the respective rights and liabilities of the parties.

<div align="center">**COUNT THREE**</div>

45.     Paragraphs 1 through 44.12 above are re-alleged and incorporated herein as if fully rewritten herein.

46.     Plaintiff is entitled to further relief pursuant to Ohio Revised Code § 2721.09 or in equity to carry out this Court's declarations pursuant to Count Two above.

<div align="center">**COUNT FOUR**</div>

47.     Paragraphs 1 through 46 are re-alleged and incorporated herein as if fully rewritten herein.

48.     By reason of the Defendant's actions and breaches, Plaintiff has been damaged and is entitled to relief pursuant to Ohio Revised Code § 1345.09(B) and § 1345.09(B) in an undetermined amount which may be estimated for the purpose of this litigation at this time to be in excess of $25,000.00.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A. In regard to Count One, for judgment against Defendant RAB, Inc. in an undetermined amount which may be estimated for the purposes of this litigation at this time to be in excess of $25,000.00.

B. In regard to Count Two, for the declaratory judgments prayed for in paragraphs 44.1 through 44.12 of Plaintiff's Complaint;

C. In regard to Count Three and/or Count Four, at law and/or in equity, for such further relief as may be necessary, proper, and appropriate to carry out this court's declarations in Count Two above, including, but not limited to, the following:

(1) As and against Defendant Gemco pursuant to Ohio Revised Code §1345.09(B) for three (3) times the amount of his actual economic damages, which may be estimated for the purposes of this litigation at this time to be in excess of $25,000.00, plus an amount not exceeding $5,000 in noneconomic damages and the attorney fees and costs of this litigation pursuant to Ohio Revised Code §1345.09(F)(2);

(2) For the appointment of a receiver for Defendant Gemco in equity to carry out this Court's judgment and collect amounts due, but also for the purpose making Defendant Gemco comply with all applicable laws, including, but not limited to, Chapter 1329 of Ohio Revised Code, Chapter 1345 of the Ohio Revised Code, and all administrative rules promulgated thereunder, and to determine whether to confess a certification of a class action for those similarly situated; and

D.    Interest, costs, including attorney fees, or any other remedy at law or in equity as

the Court may deem necessary to afford complete relief to the Plaintiff.

Respectfully submitted,

/s/ Rick L. Brunner
Rick L. Brunner            (0012998)
Email: rlb@brunnerlaw.com
Patrick M. Quinn           (0081692)
Email: pmq@brunnerlaw.com
BRUNNER QUINN
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
Telephone: (614) 241-5550
Facsimile: (614) 241-5551
*Attorneys for Plaintiff*

## NOTICE TO THE OHIO ATTORNEY GENERAL

TO: The Honorable R. Michael DeWine
    Attorney General of the State of Ohio
    30 East Broad Street
    14th Floor
    Columbus Ohio 43215

**Notice is being given to you in accordance with Ohio Revised Code** §1345.09(E) that plaintiff has sought the declaratory judgment pursuant to **Ohio Revised Code** §1345.09 to an extent that notice is appropriate and/or required by **Ohio Revised Code** §1345.09(E).

Respectfully submitted,

/s/ Rick L. Brunner
Rick L. Brunner            (0012998)
Email: rlb@brunnerlaw.com
Patrick M. Quinn          (0081692)
Email: pmq@brunnerlaw.com
BRUNNER QUINN
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
Telephone: (614) 241-5550
Facsimile: (614) 241-5551
*Attorneys for Plaintiff*

EXHIBIT 1

# Recovery solutions with an innovative & responsible approach to maximize dollars.

*Providing receivable services to commercial & medical industries since 1971*

\\\\\\\\\\\\\\\\\\\\\\\\\\

Pay Bill (https://web.paymentvision.com/BillingServices/login.aspx)

Client Portals

Contact us

# RAB Provides Confidence & Trust

*Transparency & Communication are key elements to our success.*

RAB, Inc. opened its doors in 1971 and has remained a significant competitor in the debt recovery industry. RAB provides experience, superior service and the best return on collection efforts while maintaining honesty and integrity. Our goal with each unique client is to build a culture of trust to lean upon as a provider of innovative recovery solutions.

*Our mission is simple;
to provide the most comprehensive & professional
debt recovery services.*

## Our Services

*RAB is a full service collection agency*

## Healthcare Solutions

At RAB we understand the needs of healthcare providers and have designed our solutions to keep the patient-hospital relationship intact.

Learn More (http://rabtx.com/?page_id=41)

# Commercial Solutions

We provide solutions to our commercial clients that can facilitate recoveries to get you back in the black and positively affect cash flow.

Learn More (http://rabtx.com/?page_id=39)

Contact Us

*Web Portal Client Access Logins for real-time account information and creating custom reports.*

Commercial Login
(https://rab.lariatcentral.net/login)

Healthcare Login
(https://www.clientaccessweb.com/RAB/Net/Main/Log
ReturnUrl=%2fRAB%2fNet%2f)

# We Take P.R.I.D.E. *in Building Client Relationships*

## PASSIONATE

RAB has a passion to deliver the best recoveries while maintaining honesty and integrity. We've built our business' brand on these values and it's reflected in our strong client relationships.

## RELATIONSHIP

Our main focus is to provide outstanding service to our clients with the goal of establishing mutually beneficial long-term relationships that will provide confidence and security when placing accounts.

## INTEGRITY

RAB regards consistent and moral ethical standards as a top priority. We take great pride by creating a reputation of integrity and maintaining the trust and respect of our clients.

## DEDICATED

RAB is dedicated to each individual client by understanding your specific needs because our partnership with you is valued and an integral part of our success

## EXPERIENCED

45+ years in business legitimizes RAB as a significant and stable agency with the skills and knowledge to maximize your dollars recovered while implementing effective solutions catered to each individual client.

## Client Experiences

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Jun 15 1:00 AM-17CV005360

*RAB, Inc. is nothing but professional and I can always*
*rely on them to deal with my most troublesome accounts*
*and address any problems quickly and efficiently. Thanks*
*for the great work!*
*Matt, Dallas, TX*

○ ○ ○

   



0D631 - W94

# EXHIBIT 1.1

# UNITED STATES OF AMERICA
# STATE OF OHIO
# OFFICE OF THE SECRETARY OF STATE

*I, Jon Husted, do hereby certify that I am the duly elected, qualified and present acting Secretary of State for the State of Ohio, and as such have custody of the records of Ohio and Foreign business entities; that said records show NO RECORD active under the name of RAB, INC. However, a record exists of a cancelled corporation RAB, INC. (# 1066261) and a dead corporation RAB, INC. (# 631756) filed in this office, as of the date of this certificate.*



*Witness my hand and the seal of the Secretary of State at Columbus, Ohio this 5th day of June, A.D. 2017.*

Ohio Secretary of State

Validation Number: 201715601428

EXHIBIT 2

# Sundowner Aviation Maint. LLC

# SERVICE INVOICE

Name  Sundowner Aviation Maintenance LLC
Address  3430 Old Columbus Rd. NW
Carroll, Ohio 43112

**SOLD TO:**
Zuberi Mussaret
7200 Snowberry Lane
Canal Winchester, Ohio 43110

**SERVICED AT:**
Hanger J.

| Tach Time | MAKE OF EQUIPMENT | MODEL # | N-Number | INVOICE DATE | SERVICE DATE |
|---|---|---|---|---|---|
| 4077 | Piper | PA-24-180 | N6728P | October 24, 2014 | |

## PARTS USED

| QTY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 8 | Quarts of Aero Shell 15 W 50 | 8.60 | 68.80 |
| 8 | M-674 Gaskets | 0.75 | 6.00 |
| 1 | BA-3 Bracket Air Filter | 11.47 | 11.47 |
| 1 | D9-18-1 Vacum Filter | 18.66 | 18.66 |
| 1 | Previous unpaid invoice for oil | 68.00 | 68.00 |
| 1 | Piper PA-24-180 annual | 700.00 | 700.00 |
| 1 | Pitot static test | 290.00 | 290.00 |
| | | | |
| | | | |
| | | | |
| | | | |

| SERVICE PROVIDED | DATE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Repair left landing light | 10/24/14 | 1.0 | $50.00 | $50.00 |
| | | 0.0 | 50.00 | |
| | | 0.0 | 50.00 | |
| | | | TOTAL | $50.00 |

| PARTS | $1,162.93 |
|---|---|
| LABOR | 50.00 |
| TOTAL | $1,212.93 |

GUARANTEED 30 DAYS
AGAINST LABOR AND
MATERIAL DEFECTS

COMMENTS:

David McLean AP 1545000

SERVICE SUPERVISED BY

SIGNED

440-225-9049

EXHIBIT 3

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Jun 15 10:00 AM-17CV005366
0D631 2017 W99
Lawriter - OAC - 109:4-3-05 Repairs or services.

## 109:4-3-05 Repairs or services.

(A) It shall be a deceptive act or practice in connection with a consumer transaction involving the performance of either repairs or any service where the anticipated cost exceeds twenty-five dollars and there has been face to face contact between the consumer or the consumer's representative and the supplier or the supplier's representative, prior to the commencement of the repair or service for a supplier to:

(1) Fail, at the time of the initial face to face contact and prior to the commencement of any repair or service, to provide the consumer with a form which indicates the date, the identity of the supplier, the consumer's name and telephone number, the reasonably anticipated completion date and, if requested by the consumer, the anticipated cost of the repair or service. The form shall also clearly and conspicuously contain the following disclosures in substantially the following language:

"Estimate

You have the right to an estimate if the expected cost of repairs or services will be more than twenty-five dollars. Initial your choice:

_____ written estimate

_____ oral estimate

_____ no estimate"

(2) Fail, where no portion of a repair or service is to be performed at the consumer's residence, to post a sign in a conspicuous place within that area of the supplier's place of business to which consumers requesting any repair or service are directed by the supplier or to give the consumer a separate form at the time of the initial face to face contact and prior to the commencement of any repair or service which clearly and conspicuously contains the following language:

"Notice

If the expected cost of a repair or service is more than twenty-five dollars, you have the right to receive a written estimate, oral estimate, or you can choose to receive no estimate before we begin work. Your bill will not be higher than the estimate by more than five dollars or ten per cent, whichever is greater, unless you approve a larger amount before repairs are finished. Ohio law requires us to give you a form so that you can choose either a written, oral, or no estimate."

(3) Fail, where a consumer requests a written estimate of the anticipated cost of repairs or services, to make a bona fide effort during the initial face to face contact to provide the written estimate on the form required by paragraph (A)(1) of this rule;

(4) Fail, where a consumer requests a written or oral estimate, to give the estimate to the consumer before commencing the repair or service.

(B) It shall be a deceptive act or practice in connection with a consumer transaction involving the performance of either a repair or a service where the anticipated cost exceeds twenty-five dollars and where any portion of the repair or service is to be performed at the consumer's residence, for a supplier to fail to orally inform the consumer at the time of the initial face to face contact and prior to the commencement of any repair or service, of the consumer's right to receive a written or oral estimate and to provide the consumer with a form which conforms to the requirements of paragraph (A)(1) of this rule. For purposes of this paragraph, where a supplier performs any part of a repair or service at a consumer's residence, the repair or service shall not be deemed to have been commenced until the supplier arrives at the consumer's residence.

(C) It shall be a deceptive act or practice in connection with a consumer transaction involving the performance of either a repair or a service where there has not been face to face contact between the consumer or the

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Jun 26 11:00 AM-17CV005367

EXHIBIT 3.1

(13) Fail to tender to the consumer any replaced parts, unless the parts are to be rebuilt or sold by the supplier, or returned to the manufacturer in connection with a warranted repair or service, and such intended reuse or return is made known to the consumer prior to commencing any repair or service;

(14) Fail to provide to the consumer upon the consumer's request a written, itemized receipt for any item of goods that is left with, or turned over to, the supplier for repair or service. Such receipt shall include:

(a) The identity of the supplier which will perform the repair or service;

(b) The name and signature of the supplier or a representative who actually accepts the goods;

(c) A description including make and model number or such other features as will reasonably identify the goods to be repaired or serviced;

(d) The date on which the goods were left with or turned over to the supplier.

(15) Fail, at the time of the signing or initialing of any document by a consumer, to provide the consumer with a copy of the document;

(16) Fail to disclose to the consumer prior to the commencement of any repair or service, that any part of the repair or service will be performed by a person other than the supplier or the supplier's employees if the supplier disclaims any warranty of the repair or service performed by that person, the nature of the repair or service which that person will perform, and if requested by the consumer, the identity of that person;

(17) Represent that repairs or services must be performed away from the consumer's residence when such is not the fact.

(E) The sign or form required by paragraph (A)(2) of this rule shall be printed in such a size and manner so that the notice is easily legible. Additional disclosures required by this rule may be incorporated into the sign or form so long as the language required by paragraph (A)(2) of this rule prominently appears as the first listed disclosure. Where a supplier gives written estimates to consumers prior to the commencement of any repair or service regardless of the anticipated cost of repairs or services, the language in the form required by paragraph (A)(1) of this rule and the sign or form required by paragraph (A)(2) of this rule may be modified to disclose that fact.

(F) The form required by paragraph (A)(1) of this rule may be separate or may be incorporated into another form used by the supplier as long as the required disclosures are easily legible and clearly and conspicuously appear on the form. Nothing in this rule shall preclude a supplier from incorporating into the same form additional disclosures required by this rule.

(G) In lieu of complying with the requirements of paragraphs (A), (B), and (C) of this rule, a supplier may provide a consumer, prior to the commencement of any repair or service, with a written quotation of the price at which the repair or service will be performed, which shall indicate that the quotation shall be binding upon the supplier for a period of five days, provided that the subject of the consumer transaction is made available to the supplier for the repair or service within that period.

(H) The provisions of this rule shall have no application to consumer transactions involving the repair or service of a "motor vehicle" as that term is defined in division (B) of section 4501.01 of the Revised Code.

Effective: 6/5/2015
Five Year Review (FYR) Dates: 03/19/2015 and 05/26/2020
Promulgated Under: 119.03
Statutory Authority: 1345.05
Rule Amplifies: 1345.02
Prior Effective Dates: 9-28-78, 3-14-2005

0D631 - X3

# EXHIBIT 4

GEMCO AVIATION SERVICES, INC.
YOUNGSTOWN ELSER METRO
AIRPORT
10800 SHARROTT ROAD
NORTH LIMA, OH 44452

# Estimate

| Date | Estimate # |
|------|-----------|
| 11/6/2015 | 52 |

**Name / Address**

MUSSARET ZUBRI
7200 SNOWBERRY
CANAL WINCHESTE, OH
43110

| | N - Number |
|--|-----------|
| | |

| Item | Description | Qty | Total |
|------|-------------|-----|-------|
| LABOR 65.00 | #1 ANNUAL INSPECTION | 40 | 2,600.00 |
| BA-3 | BA-3 BRACKET FILTER (LIST 19.12 EA.) | 1 | 16.47 |
| LABOR 65.00 | #2 ENGINE COMPRESSION TEST (part of annual #1) | 0 | 0.00 |
| LABOR 65.00 | #3 OIL CHANGE AND ANALYSIS (part of annual #1) | 0 | 0.00 |
| GA-001-SP | GA-001-SP OIL ANALYSIS KIT | 1 | 0.00 |
| CH48110-1 | CH48110-1 CHAMPION FILTER (LIST 35.90 EA ) | 1 | 25.00 |
| 15W50 QTS | QTS 15W50 AEROSHELL | 8 | 28.72 |
| | | | 64.96 |
| LABOR 65.00 | #4 PARKING BRAKE BROKEN (needs additional troubleshooting after hose replacement) | | 65.00 |
| LABOR 65.00 | #5 L/H LANDING LIGHT HAS A BAD CONNECTION | 1.5 | 97.50 |
| LABOR 65.00 | #6 AD 2015-02-07 DATED 3/11/2015 GOVERNOR SET SCREW | | 65.00 |
| LABOR 65.00 | #7 ELT INSPECTION PER FAR 91.207 (d) | 1 | 65.00 |
| LABOR 65.00 | #8 CABIN DOOR LATCH Time and materials door will need opened to investigate problems. | | 65.00 |
| LABOR 65.00 | #9 WINDSHIELD CRACK PILOT SIDE | 30 | 1,950.00 |
| PARTS | 2051 STC WINDSHIELD | 1 | 500.67 |
| LABOR 65.00 | #10 CLEAN VACUUM REGULATOR FILTER | 0.5 | 32.50 |
| LABOR 65.00 | #11 PROP THROWING GREASE (clean and monitor) | 0.5 | 32.50 |
| LABOR 65.00 | #12 COWLING AIR FILTER COVER DENTED | 2 | 130.00 |

All estimates are subject to changes based on S&H charges, overhaul teardown, core charges, etc.

| | |
|--|--|
| **Subtotal** | |
| **Sales Tax (7.25%)** | |
| **Total** | |

# EXHIBIT 5

Subject: Info Gemco sent out for salvage

From: Gemco Aviation (gemcoaviation@aol.com)

To: mussaretz@yahoo.com;

Date: Friday, January 22, 2016 4:09 PM

Zuberi,
Here is what I sent out to the aircraft salvage companies plus I attached pictures of the airframe , engine and prop. If you would like a n attachment with the picture I sent I would be more then happy to forward them to you also. Please contact me if you have any questions or arrangement need to be made.

.Please review the information and contact me with the details or if you have any further questions. I will also be sending two to three e-mails with pictures.

1960 Piper Comanche    Model: PA-24    N8728P    S/N 24-1865
ATT: 4874.35    Meter: 4100.35
The aircraft was inspected and there are a few structural items which is causing the cost of the overall job to increase significantly that the owner is looking for options. The aircraft had a gear up landing in 2009 and there are a few items that were lacking. The rivets were not installed in the landing gear box support structure. The L/H keel repair is substandard and the top engine mount bolt is pulled threw the support structure. It appears from a quick look that the flight controls are free from major defects (minor denting on upper surface possibly from hail) and corrosion, the L/H aileron has some minor dents. The L/H wing is most likely from a 250 since the stall vane cut out is blocked off and there is a dent mid span on the leading edge and the upper surfaces have minor denting possibly due to hail. There doesn't appear to be any major defects with the gear.

Engine: Lycoming    Model: O360-A1A    S/N: L-1850-36
Eng. TT: 4874.35    Eng. TSO: 811.25    Eng. TSMR: 105.95
Engine was disassembled per AD 2004-10-14C1, M.S.B. 475C and M.S.B. 533A. Cleaned and visually inspected all parts but didn't remove pistons from cylinders. #3 cylinder replaced with Sentry O/H cylinder. Ring gear and rotating steel parts sent to Signature Inspection service for NDT. Crankcase replaces with overhauled crankcase from Crankcase Services Inc. The camshaft lifter bodies and crank gear reconditioned by D&S Camshaft Corp. Crankshaft reconditioned by Aircraft Specialty Services Inc. The oil pump is a new Lycoming part and the hoses are from Precision Hose Tech. Hot compressions  on 11/5/2015 #1 77/80, #2 73/80, #3 78/80, #4 78/80.

Propeller: McCauley    P/N B3D36C424D/74SA-0    S/N: 912042
PTT: UNK    PTSO: 105.95

Avionics:
Marrow ADF-31
King KMA-12 Audio Panel
Alcor EGT indicator P/N 46150 per STC 522SW
Narco ELT Model: ELT-10
Shaden Miniflow-I Fuel Flow indicator
Sigmatek Attitude Gyro Model: 5000B-36 P/N 23-501-06-16
Directional Gyro Model: 4000B P/N 23-401-02
Pacific Coast Avionics Intercom
Narco Model: MK12B Nav/Com
King Model: KX155 Nav/Com
King Model: KT-76A Transponder

STC equipment:
Monroe Automotive Equipment Co. (MAECO) shimmy damper per STC SA10594SC
55 Amp Inter Ave alternator
Carb Air box new/ repaired    0.0 hrs
R/H and L/H Exhaust System and clamps repaired/new by Aerospace Welding  0.0 hrs.
Great Lakes Aero windshield STC new not yet installed

New Lord engine mount kit Just installed  0.0 hrs.

Best Regards,

Christopher Kotch
Gemco Aviation Services Inc.
10800 Sharrott Rd.
North Lima, OH 44452
Phone: 330-549-0337
Fax: 330-549-0341
E-mail: gemcoaviation@aol.com

EXHIBIT 5.1

**Subject:** Contacts for air craft salvage from Gemco

**From:** Gemco Aviation (gemcoaviation@aol.com)

**To:** mussaretz@yahoo.com;

**Date:** Friday, January 22, 2016 4:03 PM

Zuberi,

I apologies for taking so long to get back in touch with you but the companies I sent information too were slow getting back in touch with me or they weren't interested. I recommend going with a salvage place that will come and get the aircraft. This will enable us to return your new parts and possibly pay a restocking fee but save money in the long run. Plus you will not have to pay the labor to get the aircraft in a flyable status.

The first company is Texas Air Salvage and they are estimating about 10K for the aircraft but you will need to discuss the mater further with Loren. Company information: Texas Air Salvage 802 Hurt Rd. Bloomburg, TX 55556-2620. Phone 903-255-7878. The best way to contact Loren is by e-mail at texasairsalvage@gmail.com and put Lauren in the subject block.

The second company is White industries and they are estimating between 10K and 13K and aircraft flown in but you will need to discuss the mater further with Tom. Company information: White industries 1013 North Outer Rd. Bates City, MO 64011; phone 1 800-821-7733 and the contact is Tom (e-mail tlauderdale@white industries.com)

If you have any further questions please feel free to contact me.

Best Regards,

Chris Kotch
Gemco Aviation Services Inc.
10800 Sharrott Rd.
North Lima, OH 44452
Phone: 330-549-0337
Fax: 330-549-0341
E-mail: gemcoaviation@aol.com

0D631 - X10

# EXHIBIT 6

Mike Shanko

GEMCO AVIATION SERVICES, INC.
YOUNGSTOWN ELSER METRO
AIRPORT
10800 SHARROTT ROAD
NORTH LIMA, OH 44452

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/7/2016 | 23254 |

4/15/16

**Bill To**

ZUBERI MUSSARET
7200 SNOWBERRY
CANAL WINCHESTE, OH
43110

| DATE OF SERV. | TACH TIME | N - NUMBER |
|---------------|-----------|------------|
| 12-14-2015 | 4100.35 | N6728P |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| | AN ANNUAL INSPECTION WAS PERFORMED ON THIS AIRCRAFT AND HIDDEN DAMAGE TO THE AIRCRAFT WAS FOUND AT THE CENTER KEEL SECTION OF THE FLOOR AND THE SPLICE IN THE KEEL PLATE WAS IMPROPERLY DONE. THE UPPER ENGINE MOUNT WAS FOUND PULLED THROUGH. THE CUSTOMER WAS FURNISHED WITH REPAIR OPTIONS HOWEVER, THE AIRCRAFT WAS DETERMINED TO BE BEYOND ECONOMICAL REPAIR AND WAS SCRAPPED OUT BY THE OWNER. ALL WORK WAS HALTED  AND ALL OF THE PARTS THAT WERE ABLE TO BE RETURNED WERE RETURNED. THE SHIPPING AND RESTOCKING FEES ARE REFLECTED AT THE END OF THIS INVOICE. ALL OTHER ITEMS THAT WERE EITHER CONSUMED DURING THIS OPERATION OR COULD NOT BE RETURNED WENT WITH THE AIRCRAFT. THIS INVOICE REPRESENTS ONLY THE TIME THAT WE HAD INTO THE AIRCRAFT AT THE POINT WHERE IT WAS DETERMINED TO BE BEYOND ECONOMICAL REPAIR. | | | |
| LABOR 65.00 | 1. ANNUAL INSPECTION | 40.3 | 65.00 | 2,619.50 |

| | |
|---|---|
| Subtotal | |
| Sales Tax (7.25%) | |
| Total | |
| Payments/Credits | |
| **Balance Due** | |

# Invoice

GEMCO AVIATION SERVICES, INC.
YOUNGSTOWN ELSER METRO
AIRPORT
10800 SHARROTT ROAD
NORTH LIMA, OH 44452

| Date | Invoice # |
|------|-----------|
| 3/7/2016 | 23254 |

| Bill To |
|---------|
| ZUBERI MUSSARET<br>7200 SNOWBERRY<br>CANAL WINCHESTE, OH<br>43110 |

| DATE OF SERV. | TACH TIME | N - NUMBER |
|---------------|-----------|------------|
| 12-14-2015 | 4180.35 | N6728P |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| LABOR 65.00 | 2. ENGINE COMPRESSION TEST (part of annual #1) | 0 | 65.00 | 0.00 |
| LABOR 65.00<br>GA-001-SP<br>CH48110-1<br>15W50 QTS | 3. OIL CHANGE AND ANALYSIS (part of annual #1)<br>GA-001-SP OIL ANALYSIS KIT<br>CH48110-1 CHAMPION FILTER (LIST 35.90 EA.)<br>QTS 15W50 AEROSHELL | 0<br>1<br>1<br>8 | 65.00<br>25.00<br>28.72<br>8.12 | 0.00<br>25.00<br>28.72<br>64.96 |
| LABOR 65.00 | 4. PARKING BRAKE BROKEN (needs additional<br>troubleshooting after hose replacement) | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 5. L/H LANDING LIGHT HAS A BAD CONNECTION | 0.4 | 65.00 | 26.00 |
| LABOR 65.00 | 6. AD 2015-02-07 DATED 3/11/2015 GOVERNOR<br>SET SCREW | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 7. ELT INSPECTION PER FAR 91.207 (d) | 0.3 | 65.00 | 19.50 |
| LABOR 65.00 | 8. CABIN DOOR LATCH<br>Time and materials door will need opened to investigate<br>problems. | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 9. WINDSHIELD CRACK PILOT SIDE | 2.1 | 65.00 | 136.50 |
| LABOR 65.00 | 10. CLEAN VACUUM REGULATOR FILTER | 0.6 | 65.00 | 39.00 |

| | |
|--|--|
| Subtotal | |
| Sales Tax (7.25%) | |
| Total | |
| Payments/Credits | |
| **Balance Due** | |

GEMCO AVIATION SERVICES, INC.
YOUNGSTOWN ELSER METRO
AIRPORT
10800 SHARROTT ROAD
NORTH LIMA, OH 44452

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/7/2016 | 23254 |

**Bill To**

ZUBERI MUSSARET
7200 SNOWBERRY
CANAL WINCHESTE, OH
43110

| DATE OF SERV. | TACH TIME | N - NUMBER |
|---------------|-----------|------------|
| 12-14-2015 | 4100.35 | N6728P |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| LABOR 65.00 | 11. PROP THROWING GREASE (clean and monitor) | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 12. COWLING AIR FILTER COVER DENTED | 0 | 65.00 | 0.00 |
| LABOR 65.00 72059 | 13. OIL FILLER TUBE LOOSE 72059 GASKET | 0.2 1 | 65.00 1.89 | 13.00 1.89 |
| LABOR 65.00 | 14. MANIFOLD PSI LINE FITTING CROSS-THREADED AT CYLINDER | 0 | 65.00 | 0.00 |
| LABOR 65.00 PARTS | 15. ENGINE SHOCK MOUNTS DETERIORATED J7402-5 LORD SHOCK MOUNT KITS | 3.1 4 | 65.00 138.00 | 201.50 552.00 |
| LABOR 65.00 | 16. ALTERNATOR LOWER MOUNTING ATTACHMENT POINT IS CRACKED (time and materials to have machined InterAv no longer in blushiness need to manufacture) | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 17. INDUCTION AIR BOX TO AIR FILTER COUPLING HAS TOO MANY HOLES | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 18. TOP ENGINE MOUNT TO FIREWALL MOUNT BOLT IS LOOSE (may be less if no problems, this is worst case guess) | 1.7 | 65.00 | 110.50 |

| | |
|--|--|
| Subtotal | |
| Sales Tax (7.25%) | |
| Total | |
| Payments/Credits | |
| **Balance Due** | |

# Invoice

GEMCO AVIATION SERVICES, INC.
YOUNGSTOWN ELSER METRO
AIRPORT
10800 SHARROTT ROAD
NORTH LIMA, OH 44452

| Date | Invoice # |
|------|-----------|
| 3/7/2016 | 23254 |

**Bill To**

ZUBERI MUSSARET
7200 SNOWBERRY
CANAL WINCHESTE, OH
43110

| DATE OF SERV. | TACH TIME | N - NUMBER |
|---------------|-----------|------------|
| 12-14-2015 | 4100.35 | N6728P |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| LABOR 65.00 | 19. CARB HEAT BOX VALVE SHAFT WORN | 1 | 65.00 | 65.00 |
| PARTS | 21943-000 CARB AIR BOX | 1 | 587.40 | 587.40 |
| LABOR 65.00 | 20. EXHAUST HEAT EXCHANGER LOCK PIN IS SHEERED OFF. L/H EXHAUST STACK IS HITTING COWLING | 0.7 | 65.00 | 45.50 |
| PARTS | 21092-17 EXHAUST STACK | 1 | 358.80 | 358.80 |
| PARTS | 21092-15 EXHAUST STACK | 1 | 340.80 | 340.80 |
| PARTS | EXHAUST CLAMPS | 2 | 40.30 | 80.60 |
| LABOR 65.00 | 21. L/H MAG IS ROUGH (will need to troubleshoot further most likely ignition leads) | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 22. FORWARD AND AFT ELEVATOR TRIM TAB ACTUATOR BOLTS ARE WORN | 2.7 | 65.00 | 175.50 |
| PARTS | 452-869 ROD END | 1 | 40.80 | 40.80 |
| PARTS | 452-374 BEARING | 2 | 20.16 | 40.32 |
| PARTS | 14976-042 BUSHING | 1 | 53.21 | 53.21 |
| AN3-11A | AN3-11A BOLT | 1 | 0.35 | 0.35 |
| AN960-416 | AN960-416 WASHER | 1 | 0.08 | 0.08 |
| MS21042-3 | MS21042-3 SELF LOCKING NUT | 1 | 0.35 | 0.35 |
| AN4-12A | AN4-12A BOLT | 1 | 0.45 | 0.45 |
| PARTS | MS20365-428C NUT | 1 | 0.62 | 0.62 |

| | |
|---|---|
| Subtotal | |
| Sales Tax (7.25%) | |
| Total | |
| Payments/Credits | |
| Balance Due | |

GEMCO AVIATION SERVICES, INC.
YOUNGSTOWN ELSER METRO
AIRPORT
10800 SHARROTT ROAD
NORTH LIMA, OH 44452

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/7/2016 | 23254 |

| Bill To |
|---------|
| ZUBERI MUSSARET<br>7200 SNOWBERRY<br>CANAL WINCHESTE, OH<br>43110 |

| DATE OF SERV. | TACH TIME | N - NUMBER |
|---------------|-----------|------------|
| 12-14-2015 | 4100.35 | N6728P |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| LABOR 65.00 | 23. CARB HEAT MUFF HAS MULTIPLE CRACKS AT ASSEMBLY HOLES (Looking for part options; repair verses replacement) | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 24. MAGS TIMING IS OFF | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 25. REAR SUPPORT FOR ADF ANTENNAE IS BROKEN (will need to locate bracket or fabricate one) | 1 | 65.00 | 65.00 |
| LABOR 65.00 | 26. COVER FOR STROBE IS CRACKED | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 27. LOWER TAIL NAV INOPERATIVE (if bulb) | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 28. FUEL PUMP INLET FITTING IS CONTACTING PROP GOVERNOR BASE (pump will need removed and correct fittings installed) | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 29. CHECK PLACARD FOR PANEL ALTERNATOR FIELD SWITCH. (searching for InterAv alternator STC info.) | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 30. FIREWALL PENETRATION POINTS NEED SEALANT | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 31. ENGINE BREATHER HAS WHISTLE SLOT | 0 | 65.00 | 0.00 |

| | |
|---|---|
| Subtotal | |
| Sales Tax (7.25%) | |
| Total | |
| Payments/Credits | |
| **Balance Due** | |

# Invoice

GEMCO AVIATION SERVICES, INC.
YOUNGSTOWN ELSER METRO
AIRPORT
10800 SHARROTT ROAD
NORTH LIMA, OH 44452

| Date | Invoice # |
|------|-----------|
| 3/7/2016 | 23234 |

Bill To

ZUBERI MUSSARET
7200 SNOWBERRY
CANAL WINCHESTE, OH
43110

| DATE OF SERV. | TACH TIME | N - NUMBER |
|---------------|-----------|------------|
| 12-14-2015 | 4100.35 | N6728P |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| LABOR 65.00 | 32. AILERON CABLE TENSION IS LOW | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 33. NEST OUTBOARD SECTION OF RIGHT WING | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 34. R/H AILERON FORWARD ROD END ATTACHMENT BOLT LOOSE | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 35. R/H MAIN WHEEL HAD MUD PACKED BETWEEN TIRE AND WHEEL ( will remedy with SQK# 40) | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 36. R/H MAIN WHEEL WELL HAS BAD FASTENERS | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 37. L/H FLAP AFT END OF ACTUATOR ROD ATTACHMENT BOLT LOOSE | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 38. AIRCRAFT DATA TAG DOES NOT HAVE PROPER AIRCRAFT MODEL | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 39. REPLACE NOSE WHEEL BEARINGS AND RACES | 2.2 | 65.00 | 143.00 |
| 13889 | 13889 TIMKEN BEARING (LIST 62.15 EA.) | 2 | 55.95 | 111.90 |
| 13836 | 13836 TIMKEN RACE (LIST 39.90) | 2 | 31.56 | 63.12 |

| | |
|---|---|
| Subtotal | |
| Sales Tax (7.25%) | |
| Total | |
| Payments/Credits | |
| **Balance Due** | |

# Invoice

GEMCO AVIATION SERVICES, INC.
YOUNGSTOWN ELSER METRO
AIRPORT
10800 SHARROTT ROAD
NORTH LIMA, OH 44452

| Date | Invoice # |
|------|-----------|
| 3/7/2016 | 23254 |

| Bill To |
|---------|
| ZUBERI MUSSARET
7200 SNOWBERRY
CANAL WINCHESTE, OH
43110 |

| DATE OF SERV. | TACH TIME | N - NUMBER |
|---------------|-----------|------------|
| 12-14-2015 | 4100.35 | N6728P |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| PARTS | 14843-051 BUSHING | 2 | 37.48 | 74.96 |
| LABOR 65.00 | 49. BATTERY BOX DRAIN & VENTS ARE PLUGGED | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 50. ELT BATTERY EXPIRES 12/15/15 | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 51. BELLY IS MISSING RIVETS NEAR LANDING GEAR (time and materials will have better idea when we get access) | 3.5 | 65.00 | 227.50 |
| LABOR 65.00 | 52. BATTERY BOX DRAIN & VENTS ARE PLUGGED (see SQK #50) | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 53. RIGHT REAR SIDE WINDOW IS LOOSE | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 54. REPLACE PNEUMATIC FILTER | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 55. BRAKE HOSES ARE BRITTLE | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 56. R/H MAIN GEAR BOOT TORN | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 57. BOTH MAIN GEAR DOWN LIMIT SWITCH WIRES HAVE BROKEN SHIELDING | 0 | 65.00 | 0.00 |

| | |
|---|---|
| Subtotal | |
| Sales Tax (7.25%) | |
| Total | |
| Payments/Credits | |
| **Balance Due** | |

GEMCO AVIATION SERVICES, INC.
YOUNGSTOWN ELSER METRO
AIRPORT
10800 SHARROTT ROAD
NORTH LIMA, OH 44452

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/7/2016 | 23254 |

**Bill To**

ZUBERI MUSSARET
7200 SNOWBERRY
CANAL WINCHESTE, OH
43110

| DATE OF SERV. | TACH TIME | N - NUMBER |
|---------------|-----------|------------|
| 12-14-2015 | 4100.35 | N6728P |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| LABOR 65.00 | 40. REPLACE MAIN WHEEL BEARING AND RACES | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 41. LEFT AILERON ACTUATOR ROD AFT END NEEDS SHIMMED | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 42. L/H AILERON ACTUATOR ROD CORRODED | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 43. AIRCRAFT BATTERY GROUND CABLE | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 44. AIRCRAFT STROBE POWER SUPPLY LOOSE | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 45. AIRCRAFT STROBE BELLY BEACON IS NOT IN USE | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 46. OLD WIRING NEAR BATTERY BOX NEEDS CAP STOWED | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 47. LANDING GEAR ACTUATOR MISSING HOLD UP SPRING | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 48. SEAT BELT DATA TAGS ARE ALL MISSING (checking on replacement belts) | 2.4 | 65.00 | 156.00 |
| PARTS | RE-WEB LAP BELTS WITH NEW DATA TAGS | 4 | 58.80 | 235.20 |

| | |
|---|---|
| Subtotal | |
| Sales Tax (7.25%) | |
| Total | |
| Payments/Credits | |
| **Balance Due** | |

GEMCO AVIATION SERVICES, INC.
YOUNGSTOWN ELSER METRO
AIRPORT
10800 SHARROTT ROAD
NORTH LIMA, OH 44452

# Invoice

| Date | Invoice # |
|---|---|
| 3/7/2016 | 23254 |

| Bill To |
|---|
| ZUBERI MUSSARET
7200 SNOWBERRY
CANAL WINCHESTE, OH
43110 |

| DATE OF SERV. | TACH TIME | N - NUMBER |
|---|---|---|
| 12-14-2015 | 4100.35 | N6728P |

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| LABOR 65.00 | 58. BRAKE HOSES WORN (see SQK# 55) | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 59. CABIN DOOR STOP INOPERATIVE | 0 | 65.00 | 0.00 |
| LABOR 65.00 PARTS | 60. L/H STEERING ROD BOOT TORN 453-136 BOOT | 2.3 1 | 65.00 33.66 | 149.50 33.66 |
| LABOR 65.00 | 61. GEAR DOWN LIMIT SWITCHES MISSING | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 62. GEAR DOWN LIMIT SWITCH GUARD MISSING (will work with #61) | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 63. ALL MAIN LANDING GEAR RETRACT CABLE ATTACHMENTS NOT SAFTIED | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 64. RUDDER TRIM IS HARD TO MOVE | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 65. WIRE TIED TO ELEVATOR CONTROL CABLE | 0.4 | 65.00 | 26.00 |
| LABOR 65.00 | 66. MANIFOLD PRESSURE GAUGE HOSE WORN | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 67. SB 354 FUEL SELECTOR VALVE | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 68. 400 RPM DECREASE WITH CARB HEAT | 0 | 65.00 | 0.00 |

| | |
|---|---|
| Subtotal | |
| Sales Tax (7.25%) | |
| Total | |
| Payments/Credits | |
| Balance Due | |

GEMCO AVIATION SERVICES, INC.
YOUNGSTOWN ELSER METRO
AIRPORT
10800 SHARROTT ROAD
NORTH LIMA, OH 44452

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/7/2016 | 23254 |

| Bill To |
|---------|
| ZUBERI MUSSARET |
| 7200 SNOWBERRY |
| CANAL WINCHESTE, OH |
| 43110 |

| DATE OF SERV. | TACH TIME | N - NUMBER |
|---------------|-----------|------------|
| 12-14-2015 | 4100.35 | N6728P |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| LABOR 65.00 | 69. IDLE MIXTURE | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 70. NO RECORDED 337 FOR ALTERNATOR SYSTEM | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 71. AD 77-13-21 PART B BUNGEE CORD REPLACEMENT | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 72. BATTERY CAP TEST | 0 | 65.00 | 0.00 |
| LABOR 65.00 | 73. AD 2012-17-06 | 0.5 | 65.00 | 32.50 |
| LABOR 65.00 | 74. LOAD ALL COMPONENTS INTO THE AIRCRAFT FOR PICKUP. ASSISTED SALVAGE COMPANY AS REQUIRED | 2.1 | 65.00 | 136.50 |
| 462-049 | 462-049 PIPER GASKET (LIST 4.12 EA.) | 1 | 3.91 | 3.91 |
| MS24665-132 | MS24665-132 COTTER PIN | 1 | 0.07 | 0.07 |
| 6RX3/8 THA | 6RX3/8 THA SCREW | 24 | 0.06 | 1.44 |
| A1787-8Z-1D | A1787-8Z-1D TINNERMAN NUT U TYPE | 1 | 0.60 | 0.60 |
| 8RX3/8THA | 8RX3/8THA SHEET METAL SCREW | 1 | 0.08 | 0.08 |
| AN7-35A | AN7-35A BOLT | 3 | 4.60 | 13.80 |
| MS21045-7 | MS21045-7 LOCKNUT | 4 | 1.75 | 7.00 |
| AN960-716 | AN960-716 WASHER | 8 | 0.14 | 1.12 |
| AN7-34 | AN7-34 BOLT | 1 | 4.98 | 4.98 |

| | |
|---|---|
| Subtotal | |
| Sales Tax (7.25%) | |
| Total | |
| Payments/Credits | |
| Balance Due | |

GEMCO AVIATION SERVICES, INC.
YOUNGSTOWN ELSER METRO
AIRPORT
10800 SHARROTT ROAD
NORTH LIMA, OH 44452

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/7/2016 | 23254 |

**Bill To**

ZUBERI MUSSARET
7200 SNOWBERRY
CANAL WINCHESTE, OH
43110

| DATE OF SERV. | TACH TIME | N - NUMBER |
|---------------|-----------|------------|
| 12-14-2015 | 4100.35 | N6728P |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| MS21919WDG2 | MS21919WDG2 | 1 | 0.77 | 0.77 |
| AN526-440R8 | AN526-440R8 MACHINE SCREW | 1 | 0.15 | 0.15 |
| MS21044N3 | MS21044N3 SELF LOCKING NUT | 1 | 0.18 | 0.18 |
| PARTS | RESTOCKING FEE | 1 | 37.07 | 37.07 |
| PARTS | RESTOCKING FEE | 1 | 101.88 | 101.88 |
| PARTS | RESTOCKING FEE | 1 | 91.78 | 91.78 |
| PARTS | RESTOCKING FEE | 1 | 23.98 | 23.98 |
| SHIPPING | SHIPPING AND HANDLING ALL INCOMING AND OUTGOING FREIGHT | 1 | 385.11 | 385.11T |

| | |
|---|---|
| Subtotal | $7,756.61 |
| Sales Tax (7.25%) | $27.92 |
| Total | $7,784.53 |
| Payments/Credits | $0.00 |
| Balance Due | $7,784.53 |

EXHIBIT 7

# Gemco Aviation Services, Inc.
## Youngstown Elser Metro Airport 4G4
### 10800 Sharrott Road
### North Lima, OH 44452
Phone: 330-549-0337
Fax: 330-549-0341

03-31-2017

REF: Invoice 23254, N6728P

Dr. Zuberi Mussaret
7200 Snowberry
Canal Winchester, OH 43110

Dear Dr. Mussaret,

It has now been over a year since I sent you the invoice for the services rendered on your aircraft. To date you, you spoke with me once and asked me several questions about the charges associated with the annual. Since then you have not made any attempts to communicate with me on this invoice and you will not accept any calls from either Chris or me in regards to this invoice and no payment for services rendered have been forthcoming for this invoice.

I must admit that I am really disappointed in the way that you have completely ignored this invoice and have decided not to even try to communicate any issues you may have with the charges. I never would have expected such treatment from you in this manner. I find this very unprofessional on your part especially since we did nothing but take your best interest into account. Fact of the matter is that we probably saved your life by discovering the defective way that the aircraft was repaired and yet you make us feel as though we are the bad guys here.

I had no reason in the world to ever imagine that you would not pay for this invoice because if I did I never would have allowed the salvage company to make the check out to only you for the aircraft.

I am at a complete loss as to why you would not pay this invoice? We went through a tremendous effort to try and minimize your cost to repair this aircraft. Chris kept you abreast, through e mails and phone calls, of everything that was occurring on this aircraft. You and he decided the best course of action to take. We went so far as to return all of the parts that were ordered in for the aircraft once it was determined that it was no longer economically feasible to repair the aircraft.

However, for some reason or another you have decided that we are not deserving of any form of compensation on this project and you have not even had the decency to pick up the phone and talk with me about any of this other than one time when, I believe, I called you.

1

So what I am offering you, at this point in time, is a chance to call me and discuss this situation in a very professional manner to see if we can resolve it because I must admit that I cannot see why you have decided to not pay for anything, and not even communicate with me on this invoice. I feel that this is not only very unprofessional but it is very cowardly and even may border on criminal.

If you have an issue I would like to hear what it is because I cannot resolve anything if you choose to ignore me completely.

Please be advised that I will give you until 4-30-2017 to respond to this request by calling me and having a conference call between you, me and Chris to try to resolve this issue. If you have not had the decency to respond to me by 4-30-2017 then I am going to press forward with the collection of this invoice.

Sincerely,

Michael E. Stanko, President
Gemco Aviation Services, Inc.

MES/lrs

enclosures

EXHIBIT 8

# RAB, Inc.

3310 Keller Springs Road, Suite 120
Carrollton, TX 75006
Phone: (972) 663-8580 Fax: (972) 692-7612

04/19/2017

Dr Mussaret Zuberi MD
7200 Snowberry Ln
Canal Winchester, OH 43110

Claim ID#: 24294
Original Creditor: Gemco Aviation Service Inc
Balance Owing: $7,784.53

Dr Mussaret Zuberi MD,

The above creditor has referred your account to our office for immediate collection.
All further communications regarding this claim are to be directed to my office until
this balance is resolved.

As of the above date, your current balance is $7,784.53. You may contact me directly
and pay via ACH/Credit Card or you may overnight a check to my office made payable
to Gemco Aviation Service Inc.

If you are unable to remit the amount due today, immediately contact our office so
that we may discuss alternate payment arrangements.

Unless you notify this office within thirty (30) days upon receipt of this notice that
you dispute the validity of this debt or any portion thereof, this office will assume
this debt is valid. If you do notify this office in writing within thirty (30) days from
receiving this notice, this office will mail you verification of the debt along with the
name of the original creditor if different from the current creditor.

Thank you for your attention to this matter.

Sincerely,

Tom Alexander
Account Representative
talexander@rabtx.com

This is an attempt to collect a debt. Any information will be used for that purpose. This
communication is from a debt collector.

0D631 - X27

EXHIBIT 9



PARTNERS
Rick L. Brunner * ◊ ●
Patrick M. Quinn ●

OF COUNSEL
Steven M. Brown
Richard A. Slee

* Also admitted in PA
◊ Also admitted in DC
● Also admitted in NY
▪ Also admitted in NM

## BRUNNER QUINN

Rick L. Brunner
35 North Fourth Street
Suite 200
Columbus, OH 43215

New York Office
20 West Third Street
Suite 2
Jamestown, NY 14701

(614) 241-5550, Ext. 226
(800) 776-3158, Toll-Free
(614) 241-5551, Fax
rlb@brunnerlaw.com

May 2, 2017

***Via Certified U.S. & Electronic Mail
& Facsimile***
RAB, Inc.
Tom Alexander, Account Representative
3310 Keller Springs Road, Suite 120
Carrollton, TX 75006
Facsimile: (972) 692-7612
Email: talexander@rabtx.com

RE:     Your letter of April 19, 2017 to Dr. Mussaret Zuberi MD
        Claim ID #: 24294
        Original Creditor: Gemco Aviation Service Inc
        Putative Balance Owing: $7,784.53

Dear Mr. Alexander:

This office represents Dr. Mussaret Zuberi regarding your correspondence of April 19, 2017, a copy of which is enclosed for your referenced. Please be advised that not only does our client dispute the validity of the putative debt set forth in the enclosed, but also directs that further communications be directed solely through this office.

In connection with our preparation of this communication in response to the attached, we caused a search to be made of the Ohio Secretary of State's website and did not find that RAB, Inc. is licensed to conduct business in the state of Ohio, including, but not limited to collection proceedings. Before instituting litigation against RAB, Inc., please provide us of evidence of the fact that you and/or your firm RAB, Inc. are in fact licensed to do business in Ohio and lawfully engage in activities of collections in the state of Ohio.

4820 L – RAB, Inc. 050217

May 2, 2017
Page 2 of 2

The second purpose of this correspondence is to request evidence of compliance by your client with Ohio Administrative Code § 109:4-3-05, in connection with repairs and services for which payment is sought. We have not been able to locate any evidence of your client's compliance with Ohio Administrative Code § 109:4-3-05 or Chapter 1329 of the Ohio Revised Code. Before instituting litigation against your client pursuant to the remedies provided under Chapter 1329 of the Ohio Revised Code, we are providing you and your client with the opportunity to provide us with proof of your client's compliance with Ohio Administrative Code § 109:4-3-05 or Chapter 1329 of the Ohio Revised Code. If you and/or your client fail or refuse to provide the same, we will presume that your client in fact has not complied with Chapter 1329 and specifically Ohio Administrative Code § 109:4-3-05 in connection with the transactions involving our client and for which you have attempted to engage in collection activities in the state of Ohio.

Please acknowledge your receipt of this correspondence. If you do not provide us of evidence of your company being licensed to do business in Ohio, we will presume that you are not licensed to do business in the state of Ohio and have avoided paying franchise taxes to the state of Ohio.

Please provide us with your client's compliance with Chapter 1329 of the Ohio Revised Code and specifically Ohio Administrative Code § 109:4-3-05. If the same is not provided, we will presume your client did not comply with these provisions in dealing with our client.

Very Truly Yours,

Rick L. Brunner, Esq.

RLB/jab

Encl.

4880 L – RAB, Inc. 050217

EXHIBIT 10

PARTNERS          OF COUNSEL
Rick L. Brunner * °          Steven M. Brown          ° Also admitted in PA
Patrick M. Quinn          Richard A. Slee          § Also admitted in DC
                                                  ° Also admitted in NY
                                                  ° Also admitted in NJ

# BRUNNER QUINN

Rick L. Brunner
35 North Fourth Street
Suite 200
Columbus, OH 43215

New York Office
20 West Third Street
Suite 2
Jamestown, NY 14701

(614) 241-5550, Ext. 226
(800) 776-3158, Toll-Free
(614) 241-5551, Fax
rlb@brunnerlaw.com

May 3, 2017

***Via Certified U.S. & Electronic Mail
& Facsimile***

Tom Alexander, Account Representative
RAB, Inc
3310 Keller Springs Road, Suite 120
Carrollton, TX 75006
Facsimile: (972) 692-7612
Email: talexander@rabtx.com

RE:     Follow up to Letter of May 2, 2017 in response to
        Your letter of April 19, 2017 to Dr. Mussaret Zuberi MD
        Claim ID #: 24294
        Original Creditor: Gemco Aviation Service Inc
        Putative Balance Owing: $7,784.53

Dear Mr. Alexander:

As you know his office represents Dr. Mussaret Zuberi and I am writing to you to follow up my letter transmitted to you at Tuesday, May 2, 2017 at 12:42 PM E.D.S.T[1].  Please advise as to why we have not had any acknowledgment of receipt of the same?

The second purpose of this correspondence is to request clarification of an issued raised by and regarding your correspondence of April 19, 2017.  In the substance or "Re" line of your above-referenced correspondence on the second line appear the words "***Original[2] Creditor: Gemco Aviation Service Inc.***" Do these words indicate there is a subsequent holder or assignee of this claim?  Is RAB, Inc. attempting to collect on behalf of itself or an affiliate as an assignee/debt buyer, or some other entity?  We require a clarification of who the current creditor is for whom you and/or RAB Inc. are attempting to collect.

---

[1]  This is the abbreviation for Eastern Daylight Savings Time.
[2]  Emphasis is supplied, and not in the original.
4880 L – RAB, Inc. 050317

Please acknowledge your receipt of this correspondence. If you do not provide us with the identity of the "current" creditor appropriate legal action will be taken in the next 5-10 calendar days.

Very Truly Yours,

Rick L. Brunner, Esq.

RLB/jab

EXHIBIT 11

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Jun 15 1:00 AM-17CV005310



PARTNERS  
Rick L. Brunner * & ^  
Patrick M. Quinn~

OF COUNSEL  
Steven M. Brown  
Richard A. Sire

* Also admitted in PA  
& Also admitted in DC  
^ Also admitted in NY  
~ Also admitted in N&

Rick L. Brunner  
35 North Fourth Street  
Suite 200  
Columbus, OH 43215

New York Office  
20 West Third Street  
Suite 2  
Jamestown, NY 14701

(614) 241-5550, Ext. 226  
(800) 776-3158, Toll-Free  
(614) 241-5551, Fax  
rlb@brunnerlaw.com

May 4, 2017

***Via Certified U.S. & Electronic Mail***  
***& Facsimile***  
Christopher Kotch,  
Michael Stanko  
Gemco Aviation Services, Inc.  
10800 Sharrott Road  
North Lima, Ohio 44452  
Facsimile: (330) 549-0341  
E-mail: gemcoaviation@aol.com

RE:     Your letter of April 19, 2017 to Dr. Mussaret Zuberi MD  
        Claim ID #: 24294  
        Original Creditor: Gemco Aviation Service Inc  
        Putative Balance Owing: $7,784.53

Mr. Kotch and Mr. Stanko:

We have received the enclosed item of correspondence from your firm's agent or cohort or assignee, RAB Inc.[1] We have sent two items of correspondence to RAB Inc., copies of which we have also enclosed herewith for your reference.

RAB Inc. has informed that they/it will no longer be involved in this dispute, in a phone call which took place on May 3, 2017.

In light of this development, we are requesting that you provide us evidence of your firm's compliance with Ohio Administrative Code §109:4-3-05, in connection with this putative transaction discussed in the

---

[1] RAB Inc. does not appear to registered to do business in the state of Ohio. It has never clarified its role in these matters as well.

4880 L.-- GEMCO 050417

Christopher Kotch
Michael Stanko
May 4, 2017
Page 2 of 2

attached correspondence. We are also requesting evidence that your frim actually completed the "#1 Annual Inspection" or any of the services set forth on the document with your firm's name and address printed on it, dated November 6, 2015 and entitled "Estimate #52", including but not limited to the copy of the stamp on the log book or other evidence of completion of that Annual Inspection service.

We look forward to your hopefully prompt response to this communication.

Very Truly Yours,

Rick L. Brunner, Esq.

RLB/imb

Encl.

0D631 - X36

EXHIBIT 12



Rick L. Brunner * ◊ ᵇ
Patrick M. Quinn ᵃ

Steven M. Brown
Richard A. Slee

Of Counsel

Also admitted in PA
◊ Also admitted in DC
ᵇ Also admitted in NY
ᵃ Also admitted in NM

# BRUNNER QUINN

Rick L. Brunner
35 North Fourth Street
Suite 200
Columbus, OH 43215

New York Office
20 West Third Street
Suite 2
Jamestown, NY 14701

(614) 241-5550, Ext. 226
(800) 776-3158, Toll-free
(614) 241-5551, Fax
rlb@brunnerlaw.com

May 10, 2017

***Via Regular U.S. & Electronic Mail & Facsimile***
Christopher Kotch
Michael Stanko
Gemco Aviation Services, Inc.
10800 Sharrott Road
North Lima, Ohio 44452
Facsimile: (330) 549-0341
E-mail: gemcoaviation@aol.com

RE:     **SECOND REQUEST**
Your letter of April 19, 2017 to Dr. Mussaret Zuberi MD
Claim ID #: 24294
Original Creditor: Gemco Aviation Service Inc
Putative Balance Owing: $7,784.53

Mr. Kotch and Mr. Stanko:

The purpose of this correspondence is to follow-up my letter to you dated May 4, 2017 in connection with the above-referenced matter, a copy of which I have enclosed herewith for you reference. Where do you stand with regard to responding to the same?

Please advise at your earliest convenience.

Very Truly Yours,

Rick L. Brunner, Esq.

RLB/jab

Encl. (1)

4880 L -- GEMCO 051017

0D631 - X38

EXHIBIT 13



Rick Brunner <rlb@brunnerlaw.com>

## (i) Follow up to MS' email dated Wed, May 10, 2017 at 8:52 PM EDST (ii) Third REQUEST Your letter of April 19, 2017 to Dr. Mussaret Zuberi MD Claim ID #: 24294 Original Creditor: Gemco Aviation Service Inc Putative Balance Owing: $7,784.53 /(BQ #4880)

1 message

**Rick Brunner** <rlb@brunnerlaw.com>                              Tue, May 23, 2017 at 10:23 AM
To: gemcoaviation@aol.com, 13305490341@myfax.com
Cc: Patrick Quinn <pmq@brunnerlaw.com>, Jennifer Blankenship <jab@brunnerlaw.com>, Amanda Barron
<amb@brunnerlaw.com>, Chelsey Kovach <cmk@brunnerlaw.com>
Bcc: James Barnett <jmb@barnettgroupcpa.com>, mussaretz@yahoo.com

### TO:

Christopher Kotch

Michael Stanko

Gemco Aviation Services, Inc.

10800 Sharrott Road

North Lima, Ohio 44452

Facsimile: (330) 549-0341

E-mail: gemcoaviation@aol.com


RE:     (i) Follow up to MES' email dated Wed, May 10, 2017 at 8:52

p.m. EDST

(ii) **Third** REQUEST

Your letter of April 19, 2017 to Dr. Mussaret Zuberi MD

Claim ID #: 24294

Original Creditor: Gemco Aviation Service Inc

Putative Balance Owing: $7,784.53


**This is to follow up MES's email** Wed, May 10, 2017 at 8:52 PM EDST
**referenced above and pasted below, as well our third request to
get to the bottom of the putative claims and to seek resolution of
our client's claims.**

We have not heard from your firm's putative " *...legal department who will be in touch with you about this matter....* " in the 13 days that have now elapsed. We thought it strange that business run out of a residence in North Lima would have a " *legal department* " as claimed and as opposed to outside counsel, but in the interest discussing a negotiated resolution and reasonable explanation of use of a Texas based collection firm not registered to do business in Ohio.

Please be advised if you continue to fail to deal with this matter, appropriate legal action will be undertaken in regard in the very near future.

**Rick L. Brunner, Esq.**
Partner
Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
(614) 241-5550, Ext. 226
(614) 241-5551, Fax
rlb@brunnerlaw.com

Confidentiality Notice: This email message is intended only for the person or entity to which it is addressed, regardless of address or routing. It may contain confidential and/or privileged material, including attachments. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended or named recipient, please contact the sender by immediate reply e-mail, delete the message and destroy all copies of the original message. If you are the named or intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately. Personal messages express the view of only the sender.



--------- Forwarded message ---------
From: **Michael E Stanko** <gemcoaviation@aol.com>
Date: Wed, May 10, 2017 at 8:52 PM
Subject: Re: (BQ #4880) Your letter of April 19, 2017 to Dr. Mussaret Zuberi MD
To: Jenny Blankenship <jab@brunnerlaw.com>

I am in receipt of your paperwork and have forwarded it to our legal department who will be in touch with you about this matter.
Thank you,
Michael E. Stanko
Gemco Aviation Services, Inc.

Sent from my iPad

On May 10, 2017, at 12:00 PM, Jenny Blankenship <jab@brunnerlaw.com> wrote:

Dear Gentleman:

Please find attached correspondence and enclosures from Attorney Rick Brunner in connection with the above-referenced matter. A hard copy has also been sent to you via Regular U.S. Mail.

Should you have any questions or concerns, please do not hesitate to contact our office.

Thank you,

--

**Jenny A. Blankenship**
Paralegal/Legal Assistant
Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
(614) 241-5550, Ext. 226
(614) 241-5551, Main Fax

Confidentiality Notice:  This email message is intended only for the person or entity to which it is addressed, regardless of address or routing. It may contain confidential and/or privileged material, including attachments.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended or named recipient, please contact the sender by immediate reply e-mail, delete the message and destroy all copies of the original message.  If you are the named or intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately. Personal messages express the view of only the sender.

&lt;4880 L - GEMCO 05.10.17.pdf&gt;

--

**Jenny A. Blankenship**
Paralegal/Legal Assistant
Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
(614) 241-5550, Ext. 226
(614) 241-5551, Main Fax

Confidentiality Notice:  This email message is intended only for the person or entity to which it is addressed, regardless of address or routing. It may contain confidential and/or privileged material, including attachments.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended or named recipient, please contact the sender by immediate reply e-mail, delete the message and destroy all copies of the original message.  If you are the named or intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately. Personal messages express the view of only the sender.

--

**Jenny A. Blankenship**
Paralegal/Legal Assistant
Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
(614) 241-5550, Ext. 226
(614) 241-5551, Main Fax

Confidentiality Notice:  This email message is intended only for the person or entity to which it is addressed, regardless of address or routing. It may contain confidential and/or privileged material, including attachments.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended or named recipient, please contact the sender by immediate reply e-mail, delete the message and destroy all copies of the original message.  If you are the named or intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately. Personal messages express the view of only the sender.